IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **05-CV-1644-EWN-BNB**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2005 AUG 24   PM 3: 17

GREGORY C. LANGHAM
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

BY_____DEP. CLK

v.

4685 HARRISON AVENUE, BOULDER, COLORADO, et al,

Defendants.

---

## APPLICATION FOR WRIT OF ENTRY

---

The United States has filed a Verified Complaint for Forfeiture In Rem for forfeiture of

the defendant real properties described as:

> a. Lot 14, Block 1, Arapahoe Ridge Filing No. 3, City of Boulder, County of
> Boulder, State of Colorado, also known as 4685 Harrison Avenue, Boulder,
> Colorado.

Based upon the Verified Complaint, the United States respectfully moves this Court for a

finding of probable cause and a Writ of Entry for the defendant real property.

The United States does not request authority from the Court to seize the defendant real

property at this time.  The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

1)   post notice of the Complaint on the defendant real property;

2)   serve notice of this action on the owner(s) of the defendant real property along
     with a copy of the Complaint;

3)   execute a Writ of Entry for the purpose of conducting an inspection and inventory
     of the property; and

4)   record a *lis pendens* notice in the county records giving notice of the properties'
     status as a defendant in this civil *in rem* forfeiture action.

The United States will also, as provided in 19 U.S.C. § 1606, appraise the defendant real property.

Title 18, United States Code, Section 985(c)(3) provides that, because the United States will post notice of the Complaint on the defendant real property, it is not necessary for the Court to issue an arrest warrant in rem, or to take any other action to establish in rem jurisdiction over the defendant real property.  Title 18, United States Code, Section 985(b)(2) clearly states that "the filing of a *lis pendens* and the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection."

Therefore, the United States requests, under 18 U.S.C. § 983(j), and under 18 U.S.C. §985(b)(2), that the Court issue the proposed Writ of Entry filed herewith authorizing the United States Marshals Service or its designee, to enter the defendant real property, including any structures, on one or more occasions during the pendency of this civil in rem forfeiture action:

1) for the purpose of conducting an inspection and inventory and appraisal of the defendant real property, which inspection and inventory and appraisal may include still and video photography; and

2) to be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the defendant real property pursuant to 19 U.S.C. § 1606; and

3) to be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the defendant real property; and

4) to be accompanied on any such occasion by an federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry.

DATED this 24th day of August, 2005.

Respectfully submitted

WILLIAM J. LEONE
United States Attorney

By:   s/ James S. Russell
James S. Russell
Assistant United States Attorney
1225 Seventeenth Street, Ste. 700
Denver, Colorado 80202
Telephone (303) 454-0100
FAX: (303) 454-0402
E-mail: James.Russell2@usdoj.gov
Attorney for Plaintiff