

# Department of the Treasury
### Federal Law Enforcement Agencies
## PROCESS RECEIPT AND RETURN

| PLAINTIFF UNITED STATES OF AMERICA | COURT CASE NUMBER 05-cv-1644-EWN-MJW |
|---|---|
| DEFENDANT 4685 Harrison Avenue, Boulder, CO, et al. | TYPE OF PROCESS Publish |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

United States Attorney's Office
ATTN: Asset Forfeiture Unit
1225 17th Street, Suite 700
Denver, Colorado 80202

NUMBER OF PROCESS TO BE SERVED IN THIS CASE

NUMBER OF PARTIES TO BE SERVED IN THIS CASE

CHECK BOX IF SERVICE IS ON

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, Telephone Numbers, and Estimated Times Available For Service)*:

Pulish attached notice in Denver for four consecutive weeks.

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
TELEPHONE NUMBER 303-454-0100
DATE 8/24/2005

SIGNATURE AND DATE OF PERSON ACCEPTING PROCESS:

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

I acknowledge receipt for the total number of process indicated.
District of Origin No. CO
District to Serve No. CO
Signature of Authorized Treasury Agency Officer
Date 09.19.05

I hereby certify and return that I ☐ personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the address inserted below.

☐ I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

Name and title of individual served if not shown above:

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address: (complete only if different than shown above)
Date of Service
Time 0900 am

Signature, Title and Treasury Agency
John K Harrison Special Agent TTB

REMARKS: I published a legal notice as required in a paper of general circulation for 4 consecutive weeks via the Denver Business Journal Daily on

TD F 90-22.48 (6/96)

☐ RETURN TO COURT ☐ FOR CASE FILE ☐ LEAVE AT PLACE OF SERVICE ☐ FILE COPY

## The Daily Journal
### A Publication Of
### The McGraw-Hill Companies

#### Publisher's Affidavit
STATE OF COLORADO
City and County of Denver

I, Al Slattery, of the City and County of Denver, State of Colorado, being duly sworn, upon oath say that I am the Publishing Director of The Daily Journal; that I have personal knowledge of all the facts set forth in this affidavit; that said The Daily Journal is a public newspaper of general circulation having its principal office and place of business situated in said City and County of Denver; that said The Daily Journal is printed and published daily except Saturdays, Sundays and legal holidays; that said The Daily Journal is a daily newspaper within the meaning of the act of the General Assembly of the State of Colorado, approved April 7, 1921, and entitled, "An Act Concerning Legal Notices, Advertisements and Publications, and the Fees of Printers and Publishers Thereof, and to Repeal All Acts and Parts of Acts in Conflict with the Provisions of This Act" and as amended by an act of said General Assembly, entitled "An Act to Amend An Act Entitled 'An Act Concerning Legal Notices, Advertisements and Publications and the Fees of Printers and Publishers Thereof and to Repeal All Acts and Parts of Acts in Conflict with the Provisions of this Act'," approved March 30, 1923, and as amended by an act of said General Assembly, approved May 18, 1931, entitled, "An Act to Amend Section 4 of Chapter 139, Session Laws of Colorado, 1923, Relating to Legal Notices and Advertisements," which said Act took effect on and after the first day of January, 1932, and as amended by an act of said General Assembly, entitled, "An Act to Amend Chapter 139 of the Session Laws of 1923 Relating to Legal Notices and Advertisements; to Define Newspapers Qualified to Publish Legal Notices and Advertisements and the Fees of Printers and Publishers Thereof, and to Provide That the Costs of Such Legal Notices and Advertisements Shall Be Taxed as Fees," approved March 5, 1935; and as amended by an act of said General Assembly entitled, "An Act Relating to Legal Notices and Advertisements, and Amending Section 1, of Chapter 113, Session Laws of 1931," approved March 25, 1935; and "An Act to Amend and as Amended by the General Assembly, concerning 'Rates for Legal Publications,' 109-1-7 C.R.S. 1963 as amended, approved May 22, 1971, and effective January 1, 1972," that said newspaper had, prior to January 1, 1936, and has ever since said date, been admitted to the United States Mails as second class matter under the provisions of the Act of March 3, 1879, or any amendments thereof; that said newspaper is printed and published in whole in said City and County of Denver and has a general circulation therein; that said newspaper has been so printed and published as a public daily newspaper of general circulation in said City and County of Denver, uninterruptedly and continuously during the period of more than fifty-two consecutive weeks next prior to the first issue thereof containing the annexed legal notice and advertisement; that said legal notice and advertisement was published in the regular edition of said newspaper for __four consecutive weeks__

that the first publication of said legal notice and advertisement was in the regular edition of said newspaper of the __27th__ day of __September__, A.D. 20 __05__;

that the last publication of said legal notice and advertisement was in the regular edition of said newspaper of the __18th__ day of __October__, A.D. 20 __05__; and that therefore, said legal notice and advertisement was duly published in a newspaper duly qualified for that purpose within the meaning of said above-mentioned acts of the General Assembly of the State of Colorado.

_____
Subscribed and sworn to, at the City and County of Denver, State of Colorado, before me, a Notary Public, this __15th__ day of __October__, A.D. 20 __05__.

Witness my hand and notarial seal.

__Kari S. Johnson__
Notary Public

My Commission Expires July 9, 2007
2000 S. Colorado Blvd., #200
Denver, CO 80222

*(Notary seal)*

---

373

### NOTICE OF COMPLAINT-UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO-CASE NO. 05-cv-1644-EWN-MJW

Notice is hereby given that the United States of America has filed a Verified Complaint for Forfeiture In Rem seeking forfeiture of the real property located at 4685 Harrison Avenue, Boulder, Colorado and the personal property described as follows: all monies at US Bank, Boulder, Colorado, all monies at Janus, Denver, Colorado, all monies at T.D. Waterhouse, Denver, Colorado, all for the benefit of Daniel Chomyn. Any person claiming or asserting an interest in or right against the real property must file his Verified Statement of Interest or Right as provided for under Supplemental Rule C(6) for Certain Admiralty and Maritime Claims within 30 days after final publication of this notice, or within 30 days after actual notice, whichever occurs first, and must file his Answer to the Complaint herein within 20 days after the filing of his Verified Statement of Interest or Right. The Verified Statement of Interest or Right and Answer must be filed with the Clerk of the District Court for the District of Colorado, 901 19th Street, Denver, CO 80294-3589 and a copy provided to the U.S. Attorney's Office, AFU, 1225 17th St., #700, Denver, CO 80202.

Published: September 27, October 4, 11 & 18, 2005 in The Daily Journal       373